IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-01-0145-05 |
| WAYLAND EARL CRISWELL | § § § | |

# MEMORANDUM AND ORDER
## DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The defendant, Wayland Earl Criswell, has filed a motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). [Doc. # 280]. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion for reasons set forth below.

Criswell was convicted of aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(a). After considering a presentence report ("PSR") prepared by the Probation Office, this Court sentenced Criswell to serve 140 months in prison, followed by a term of supervised release and payments of restitution. The Fifth Circuit affirmed the conviction, *see United States v. Stapleton, et al.*, No. 01-21296 (5th Cir. March 28, 2003) (unpublished), and this Court has denied a previous motion for relief from the conviction and sentence under 28 U.S.C. § 2255.

Criswell now requests a reduction in his sentence of imprisonment based upon Amendment 709 of the United States Sentencing Guidelines (effective November 1, 2007), which altered the definition of "related cases" as it pertains to the scoring of criminal history points in the PSR. This amendment modified § 4A1.2 of the Sentencing Guidelines, among other provisions, which relates to the calculation of a defendant's criminal history score. Criswell appears to argue that, pursuant to the new definition found in Amendment 709, he is entitled to a reduction in his criminal history score and a corresponding reduction in his sentence. Criswell is not entitled to relief for reasons that follow.

"Whether to reduce a sentence based on a subsequent change in the [S]entencing [G]uidelines rests with the sound discretion of the district court and the proper mechanism for reviewing such a claim is a motion brought under 18 U.S.C. § 3582(c)(2)." *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). Under this statute, a court "may not" modify a term of imprisonment once it has been imposed except in the following circumstance:

> . . . [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission has promulgated policy statements regarding a court's consideration of a motion under 18 U.S.C. § 3582(c)(2)

at § 1B1.10 of the United States Sentencing Guidelines. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). "The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence." *Id.* (citing *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995)).

According to the Sentencing Commission's policy statement, a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if the amendment is listed in § 1B1.10(c) of the Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2001). The amendment invoked by Criswell (Amendment 709) is not listed in § 1B1.10(c) of the Guidelines and is not retroactive. *See United States v. Rodriguez*, No. 08-10595, 2009 WL 46884 (5th Cir. 2009) (per curiam, unpublished) (holding that a district court is not authorized to reduce a sentence based on Amendment 709 because it is not listed in § 1B1.10(c) and it is not retroactive); *see also United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (explaining that Amendment 709 is not a simple clarification, but effects a substantive change that does not apply retroactively) (citations omitted); *United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008) (holding that Amendment 709 is not retroactive); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (same); *United States v. Godin*, 522 F.3d 133, 134-35 (1st Cir. 2008) (same). It follows that a reduction in the defendant's term of imprisonment is not consistent with the relevant policy statement and is not authorized. Accordingly, Criswell is not entitled to a reduction in his term of imprisonment under § 3582(c)(2).

at § 1B1.10 of the United States Sentencing Guidelines. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). "The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence." *Id.* (citing *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995)).

According to the Sentencing Commission's policy statement, a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if the amendment is listed in § 1B1.10(c) of the Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2001). The amendment invoked by Criswell (Amendment 709) is not listed in § 1B1.10(c) of the Guidelines and is not retroactive. *See United States v. Rodriguez*, No. 08-10595, 2009 WL 46884 (5th Cir. 2009) (per curiam, unpublished) (holding that a district court is not authorized to reduce a sentence based on Amendment 709 because it is not listed in § 1B1.10(c) and it is not retroactive); *see also United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (explaining that Amendment 709 is not a simple clarification, but effects a substantive change that does not apply retroactively) (citations omitted); *United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008) (holding that Amendment 709 is not retroactive); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (same); *United States v. Godin*, 522 F.3d 133, 134-35 (1st Cir. 2008) (same). It follows that a reduction in the defendant's term of imprisonment is not consistent with the relevant policy statement and is not authorized. Accordingly, Criswell is not entitled to a reduction in his term of imprisonment under § 3582(c)(2).

In addition, Criswell argues that he is entitled to consideration and a corresponding reduction in his sentence under § 5K2.0 of the Sentencing Guidelines based on post-sentencing achievements of an extraordinary character.  In support of this request, Criswell encloses a copy of his Bureau of Prisons Education and Vocational Training Transcript as evidence of his rehabilitative efforts.

Criswell's post-sentencing achievements (cited as a factor under U.S.S.G. § 5K2.0), while admirable and encouraged, may not be considered by the Court in reducing a sentence previously imposed.  *See* U.S.S.G. § 5K2.19 (noting that "post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense," although "[s]uch efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1)"). The background commentary to § 5K2.19 states: "[T]he Commission has determined that post-sentencing rehabilitative measures should not provide a basis for downward departure when resentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with the policies established by Congress under 18 U.S.C. § 3624(b) and other statutory provisions for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those who gain the opportunity to be resentenced de novo."  Under these circumstances, the Court may not reduce Criswell's previously imposed sentence based on his post-judgment accomplishments.

In summary, Criswell has not demonstrated that he is entitled to relief under an amendment that has been made retroactive under the Guidelines or that he is otherwise entitled to a reduction in his sentence. Because he is not entitled to the relief sought, it is hereby

**ORDERED** that Criswell's motion for a reduction in his term of imprisonment [Doc. # 280] is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 3rd day of February, 2009.

_____
Nancy F. Atlas
United States District Judge